Filed 8/7/24  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SERGIO URIEL HERNANDEZ,<br><br>Defendant and Appellant. | H050269<br>(San Benito County<br>Super. Ct. No. CR-19-00487) |

Sergio Uriel Hernandez was convicted of forcible sodomy of a minor.  He challenges this conviction, arguing that he believed the minor had consented and, even if this belief was mistaken, it precluded conviction because the prosecution failed to present substantial evidence that his belief was either insincere or unreasonable.  For the reasons explained below, we conclude that the minor's testimony provided sufficient evidence that Hernandez's belief was unreasonable.  We therefore uphold the conviction.

## I.  BACKGROUND

### A.  Procedural History

Hernandez was charged with sodomy by force on a minor over 14 years of age in violation of Penal Code section 286, subdivision (c)(2)(C), as well as two counts of oral copulation of a person under 16 years of age (Pen. Code § 287, subd. (b)(2)), three counts of lewd acts on a child (*id*., § 288, subd. (c)(1)), and one count of forcible oral copulation

with a minor over 14 years of age (*id.*, § 287, subd (c)(2)(C)). Four of these counts were dismissed, leaving only the forcible sodomy and two lewd act counts for trial. Hernandez waived his right to a jury trial. After conducting a bench trial, the trial court acquitted Hernandez of one of the lewd acts counts but convicted him of sodomy and the other lewd acts count. Hernandez was sentenced to nine years for sodomy and two years, to be served concurrently, for lewd acts.

## B. Evidence Presented at Trial

At trial, the prosecution's primary witness was the victim, I.D. (The victim's initials are used, consistent with rule 8.90(b)(4) of the California Rules of Court, to protect his privacy.) I.D. testified that his mother was a social event photographer, and at such events she sometimes used I.D. as her assistant and Hernandez as her videographer. Hernandez was on good terms with I.D.'s parents, and after several events, he accompanied I.D. home to socialize with them, sometimes staying the night and sleeping on the living room couch before leaving in the morning.

I.D. testified that he engaged in consensual sexual relations with Hernandez. The first incident occurred in the summer of 2016 when I.D. was 14 years old. While Hernandez drove I.D. home from a social event, I.D. asked Hernandez, whom I.D. knew was gay, about his sexuality. Their conversation eventually touched on the subject of oral sex, which Hernandez offered to perform on I.D. I.D. consented, and Hernandez pulled onto the side of the road. Later, I.D. consented to additional sexual relations with Hernandez, including performing oral and anal sex on Hernandez.

In November 2017, the incident at issue in the sodomy charge occurred. I.D. testified that, following a social event, Hernandez again came to I.D.'s home to socialize with his parents. After I.D.'s parents went to bed, Hernandez came to I.D.'s room and offered to perform oral sex on I.D. I.D. initially told Hernandez that he was not interested, but eventually relented and accompanied Hernandez to the laundry room, where Hernandez performed oral sex on I.D.

2

I.D. testified that Hernandez then bent him over and sodomized him, despite repeated refusals and an express request to stop: "[H]e bent me over and started to thrust against me. I told him that I was not in the mood. He said, 'It's okay, it's your first time.' And then I kept saying no. After that, he pulled down my pants and forced me against the dryer. Put one hand on my left shoulder, and put one hand over my mouth as I continued to say, 'ow, ow, stop,' and he didn't."

In his defense, Hernandez attacked I.D.'s credibility. Hernandez presented testimony from one of the police officers who initially interviewed I.D., showing that, contrary to his testimony at trial, I.D. initially described only three incidents of sexual conduct and did not say that he consented to any of them. In closing argument, Hernandez highlighted these and other inconsistencies in I.D.'s testimony and argued I.D. was not credible.

The trial court found much of I.D.'s testimony credible and convicted Hernandez of sodomy and of one count of lewd acts. After sentencing, Hernandez filed a timely notice of appeal.

## II. DISCUSSION

Hernandez challenges his sodomy conviction. He does not dispute that there was sufficient evidence that he committed sodomy on a minor or that he did so without the minor's consent. (Penal Code, § 286, subd. (c)(2)(C).) Instead, Hernandez argues that he mistakenly believed that I.D. consented and that the prosecution failed to present substantial evidence that this belief was either insincere or unreasonable. We are not persuaded. Hernandez certainly had reason in advance to believe that I.D. might consent and even that he would do so after initially refusing. But I.D. testified that, when the conduct in question occurred, he repeatedly said that he did not want to engage in anal sex and that he expressly told Hernandez to stop. This testimony was sufficient to prove beyond a reasonable doubt that any mistaken belief Hernandez may have had was unreasonable, and in reviewing the verdict on appeal, we must credit that testimony.

3

(*People v. Ramirez* (2022) 13 Cal.5th 997, 1118 [in reviewing sufficiency of the evidence, " '[w]e do not . . . reevaluate a witness' credibility' "].)

As Hernandez points out, a defendant may not be convicted of rape or other offenses requiring nonconsensual sexual relations if the defendant had a reasonable but mistaken belief that the victim consented. The mistaken belief defense was recognized by the Supreme Court in *People v. Mayberry* (1975) 15 Cal.3d 143 (*Mayberry*). *Mayberry* held that a defendant's reasonable and good faith mistake of fact regarding consent negates the wrongful intent required for rape. (*Id*. at p. 155.) This defense has both subjective and objective components. (*People v. Williams* (1992) 4 Cal.4th 354, 360-361.) The subjective component "asks whether the defendant honestly and in good faith, albeit mistakenly, believed that the victim consented to sexual intercourse." (*Ibid*.) The objective component "asks whether the defendant's mistake regarding consent was reasonable under the circumstances." (*Id*. at p. 361.) Where a defendant has adduced evidence of equivocal conduct supporting a mistaken belief, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant's belief in the victim's consent was either insincere or unreasonable. (*Mayberry, supra*, at p. 157; see also CALCRIM No. 1030 ["The People have the burden of proving beyond a reasonable doubt that the defendant did not actually and reasonably believe that the woman consented."].) Because sodomy by force requires lack of consent, the *Mayberry* defense applies to that offense. (*People v. Lee* (2011) 51 Cal.4th 620, 641-642.)

In this case, I.D.'s testimony provided substantial evidence that any mistaken belief was unreasonable. I.D. testified that, when Hernandez began to engage in anal sex by thrusting against him, he said "no" repeatedly. I.D. testified that at first he told Hernandez "I am not in the mood." When Hernandez continued, I.D. "kept saying no." And, when Hernandez pulled down I.D.'s pants and pushed him against the dryer, I.D. said "ow, ow, stop." Moreover, I.D. did not testify that he did anything later to indicate that he had changed his mind and consented. To the contrary, according to I.D.,

4

Hernandez put his hand over I.D.'s mouth and continued to sodomize him. In light of I.D.'s testimony that he repeatedly said no and explicitly told Hernandez to stop, as well as the absence of any conduct suggesting a change of mind, it was not objectively reasonable to believe that I.D. consented to engage in anal sex.

Hernandez argues that he reasonably believed that I.D. consented based on I.D.'s initial agreement to join Hernandez in the laundry room and his consent to engage in oral sex despite initial reluctance. It is true that I.D. testified that he initially said that he was uncomfortable meeting Hernandez in the laundry room, but then agreed to join him. And, once in the laundry room, I.D. objected to Hernandez kissing him, but did not object to Hernandez performing oral sex on him. However, the sodomy at issue was a separate act, one which Hernandez does not appear to have performed on I.D. before. As a consequence, it was not objectively reasonable to infer from I.D.'s consent to oral sex that he consented to this new and different act in the face of I.D.'s repeated refusals and explicit request to stop.

Hernandez also argues that it was objectively reasonable to infer that I.D. consented because I.D. did not try to push Hernandez off him or otherwise physically manifest a lack of consent. We are not persuaded. It is not reasonable to believe that an individual, after repeatedly objecting to sexual relations and making an explicit request to stop, has subsequently consented simply because the individual does not fight or otherwise physically resist. Where, as here, an individual has verbally refused consent, the absence of physical resistance does not create an objectively reasonable belief in consent. (See, e.g., *People v. Duarte-Lara* (2020) 49 Cal.App.5th 332, 340 ["[T]he fact that the victim did not . . . earlier move away from defendant is not substantial evidence of equivocal behavior that would lead a reasonable person to belief she was consenting to his conduct."]; see also *People v. Barnes* (1986) 42 Cal.3d 284, 303 ["Nor may lack of resistance be employed by courts . . . to support a finding of insufficient evidence of

5

rape . . . ."].)  To establish a reasonable belief, there must be some affirmative manifestation of consent.

Hernandez also points to his past sexual encounters with I.D., arguing that they led him to believe that I.D. had consented to the sodomy.  Those past encounters, however, involved oral sex or I.D.'s anal penetration of Hernandez.  None of them involved Hernandez penetrating I.D.  As a consequence, in the face of I.D.'s repeated refusal to engage in this new conduct and his expressly request to stop, it was not reasonable to infer from past encounters that I.D. had consented.  Hernandez also argues based on I.D.'s prior refusals to participate in sexual conduct that he believed I.D. could and would decline to participate when he did not wish to do so.  This prior conduct does not help Hernandez because in the incident in question he ignored I.D.'s repeated refusals and request to stop.

Finally, Hernandez argues that the trial court's decision, despite the absence of a request by either party, to utilize an instruction on the *Mayberry* mistaken belief defense shows that there was substantial evidence that Hernandez's belief that I.D. consented was both sincere and reasonable.  We agree.  However, it does not follow that the trier of fact could not conclude beyond a reasonable doubt that Hernandez' belief was reasonable. While Hernandez's past experiences with I.D. as well as I.D.'s agreement on the day of the incident to engage in oral sex supported the belief that I.D. also would consent to engage in sodomy, that belief would have been reasonable only if I.D.'s testimony concerning his repeated refusals and request to stop were rejected.  There were grounds for questioning I.D.'s credibility, which Hernandez raised in his closing argument, and which persuaded the trial court to acquit Hernandez on one of the lewd act counts. However, those grounds did not compel the trial court to reject all of I.D.'s testimony, and we conclude that there was substantial evidence supporting the trial court's decision to credit I.D.'s testimony concerning the sodomy incident.

6

## III. DISPOSITION

The judgment is affirmed.

_____
BROMBERG, J.

WE CONCUR:

_____
BAMATTRE-MANOUKIAN, ACTING P. J.

_____
DANNER, J.

*People v. Hernandez*
H050269